# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

MARIO ALBERTO PAZ  
19820 Bramble Brush Drive  
Gaithersburg, Maryland 20879,

Civil Action No.

ISIDORA M. MACHADO  
5400 Marlene Drive  
Lanham, Maryland 20706,

MICHAEL ANTHONY JONES  
7810 Belford Drive  
Apt. 302  
Alexandria, Virginia 22306,

and

SEANKH KABRETTA RUSSELL  
3118 Whispering Pines Drive  
#41  
Silver Spring, Maryland 20906

    Plaintiffs,

v.

KEYBOAT, LLC  
d/b/a THE FIRELAKE GRILL  
6109 Ramshorn Place  
McLean, Virginia 22101

    Serve: Resident Agent  
           Robert B. Slade  
           6109 Ramshorn Place  
           McLean, Virginia 22101

and

ROBERT B. SLADE  
6109 Ramshorn Place  
McLean, Virginia 22101

    Defendants.

STEIN SPERLING BENNETT  
DE JONG DRISCOLL PC

ATTORNEYS AT LAW  
25 WEST MIDDLE LANE  
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

3771790_2

## COMPLAINT

Plaintiffs, Mario Alberto Paz, Isidora Machado, Michael Anthony Jones, and Seankh Kabretta Russell ("Plaintiffs"), by and through their attorneys, Mary Craine Lombardo and Stein Sperling Bennett De Jong Driscoll PC, files this Complaint against Keyboat, LLC d/b/a The Firelake Grill and Robert B. Slade (collectively "Defendants"), under the D.C. Wage Payment and Collection Law ("DCWPCL"), D.C. ST § 32-1301, *et seq.*, the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the D.C. Wage Revision Act ("DCMWRA") D.C. ST §32-1003, *et seq.*, stating as follows:

### INTRODUCTION

Plaintiffs worked for Defendants as food preparers. Plaintiffs were paid at the same rate per hour worked. Plaintiffs worked hours in excess of the forty hour maximum and were not paid at the overtime rate of one and a half times their wage as required by D.C. and federal law. Defendants also failed to pay Plaintiffs their straight time wages for their last three weeks of work as required by D.C. law. Defendants have willfully violated the clear and well-established overtime provisions of the FLSA, the DCMWRA, and the DCWPCL as well as the wage payment provision of the DCWPCL. Plaintiffs seek compensatory and statutory damages for all unpaid overtime compensation, as well as attorneys' fees and costs.

### JURISDICTION & VENUE

1. This Court has subject matter jurisdiction over the causes of action alleged in this Complaint pursuant to 28 U.S.C. §§ 1331 and 1367, and 29 U.S.C. § 216.

2. Venue is proper pursuant to 28 U.S.C. § 1391.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

2

3771790_2

## PARTIES

3. Plaintiffs, Mario Alberto Paz, Isidora Machado and Seankh Russell are adult residents of Maryland.

4. Plaintiff, Michael Anthony Jones, is an adult resident of Virginia.

5. Defendant Keyboat, LLC d/b/a The Firelake Grill ("Firelake Grill") is a Virginia corporation.

6. Defendant Robert B. Slade is the owner of Firelake Grill.

7. Defendants employed Plaintiffs at the Firelake Grill in the District of Columbia.

8. At all times material herein, Defendants, in the aggregate and as a single enterprise, had annual gross volume of sales made or business done in an amount exceeding $500,000.

9. Each Defendant is an "employer" within the meaning of the FLSA, the DCMWRA, and the DCWPCL.

10. Defendants have at least two or more employees who are engaged in commerce, handle, sell or otherwise work on goods or materials that have moved in or were produced for commerce.  Defendants negotiate and purchase from producers and suppliers who operate in interstate commerce and serve customers in interstate commerce.

11. At all times relevant, Defendants constituted an "enterprise" within the meaning of 29 U.S.C. § 203(r).

12. Defendant Slade controlled the day to day operations of Firelake Grill.

13. Defendant Slade had the power to hire, fire, suspend, and discipline Plaintiffs.

14. Defendant Slade supervised Plaintiffs directly or indirectly.

15. Defendant Slade directly or indirectly set and controlled Plaintiffs' work schedules or had the power to do so.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

16. Defendant Slade directly or indirectly set and determined the rate and method of Plaintiffs' pay or had the power to do so.

17. The District Court of the District of Columbia has made clear that individual employers are liable regardless of corporate shields under FLSA and the DCWPCL if the employer met the economic reality test for "control." *Ventura v. Bebo Foods, Inc.*, 2738 F. Supp.2d 1, 5 (2010).

18. The economic reality test for "control" considers "whether the putative employer has the power to hire and fire, supervise and control work schedules or conditions of employment, determine rate and method of pay, and maintain employment records." *Id*.

19. Defendant Slade would be considered an employer for purposes of individual liability because of his intrinsic involvement in the business.

## FACTS

20. Plaintiffs were employed by Defendants as food preparers from 2013 through 2014 (the "Employment Period").

21. Plaintiff Mario Alberto Paz worked for Defendants from August 14, 2013 through July 3, 2014 at a rate of $17.00 per hour. He worked eighty (80) overtime hours in 2013 and about sixty three (63) overtime hours in 2014 and was never compensated at the required overtime rate, of one and one half times his regular rate, for hours worked over forty hours. Defendants also failed to pay him for the one hundred and forty five (145) hours of straight time wages that he earned. He is owed a total of $3,680.50 in straight time and overtime wages.

22. Plaintiff Isidora M. Machado worked for Defendants from August 28, 2013 through December 3, 2014 at a rate of $14.00 per hour and from December 4, 2013 through July 3, 2014 at a rate of $15.00 per hour. She worked approximately sixty (60) overtime hours in 2013 and

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

4

3771790_2

approximately eighty two (82) hours of overtime in 2014 and was never compensated at the required overtime rate, of one and one half times her regular rate, for hours worked over forty hours. Defendants also failed to pay her for the last one hundred and thirty nine (139) hours of straight time wages that she earned. She is owed a total of $3,131.46 in straight time and overtime wages.

23. Plaintiff Michael Anthony Jones worked for Defendants from March 19, 2014 through July 3, 2014 at a rate of $14.00 per hour. He worked approximately thirty seven (37) overtime hours in 2014 and was never compensated at the required overtime rate, of one and one half times his regular rate, for hours worked over forty hours. Defendants also failed to pay him for the last one hundred and forty eight (148) hours of straight time wages that he earned. He is owed a total of $2,331.00 in straight time and overtime wages.

24. Plaintiff Seankh Kabretta Russell worked for Defendants from May 28, 2014 through July 3, 2014 at a rate of $12.00 per hour. She worked approximately three (3) overtime hours in 2014 and was never compensated at the required overtime rate, of one and one half times her regular rate, for hours worked over forty hours. Defendants also failed to pay her for the last one hundred and twenty two (122) hours of straight time wages that she earned. She is owed a total of $1,482.00 in straight time and overtime wages.

25. Plaintiffs are owed approximately $10,624.96 in straight time and overtime wages.

26. Plaintiffs are owed straight time and overtime wages that Defendants willfully failed and refused to pay to Plaintiffs in violation of D.C. and federal law.

27. By statute, Defendants are required to maintain records which document the number of days Plaintiffs worked.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

28. The precise number of hours worked, and wages owed, should be revealed through discovery.

29. Defendants knowingly and intentionally violated Plaintiffs' rights under D.C. and federal law.

## COUNT I
### (Violation of the D.C. Wage Payment and Collection Law)

30. Plaintiffs adopt herein by reference paragraphs 1 through 29 above as if fully set forth herein.

31. The amounts owed to Plaintiffs by Defendants for unpaid straight time and overtime constitute "wages" under the DCWPCL. D.C. ST § 32-1301(3).

32. Defendants were required to pay to Plaintiffs compensation for the wages that the Plaintiffs had earned.

33. While employed by Defendants, Plaintiffs worked overtime hours that were not properly compensated by Defendants as required by the DCWPCL.

34. Unpaid overtime wages are due and owing to Plaintiffs by Defendants.

35. Defendants' failure and refusal to comply with their obligations under the DCWPCL was not due to any bona fide dispute, and was therefore willful and not in good faith.

WHEREFORE, Plaintiffs respectfully request this Honorable Court to enter judgment against Defendants, jointly and severally, in favor of Plaintiffs in an amount to be determined at trial, but not less than $31,874.88, which is approximately three times the wages owed; and to grant to Plaintiffs their reasonable attorneys' fees and costs and such other and further relief as the Court deems just and proper.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

## COUNT II
### (FLSA)

36. Plaintiffs adopt herein by reference paragraphs 1 through 29 above as if fully set forth herein.

37. Defendants were required to pay Plaintiffs compensation at the rate of one and a half times their regular hourly wage for all hours worked in excess of forty hours per week. *See* 29 U.S.C. § 207(a)(2).

38. Throughout the Employment Period, Defendants failed to compensate Plaintiffs at the rate of one and a half times their regular rate.

39. For the straight time wages that went unpaid, at a minimum the Plaintiffs are owed minimum wages ($7.25 per hour) for the hours worked under FLSA.

40. Defendants' actions complained of herein constitute a willful violation of Sections 206 and 207 of the FLSA.

41. Defendants' violation makes them liable to Plaintiffs for all unpaid wages and unpaid overtime compensation, and an additional equal amount as liquidated damages.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court enter judgment against Defendants, jointly and severally, in their favor in an amount to be determined at trial, but not less than $13,109.92, which is two times the total wages and overtime compensation owed, reasonable attorneys' fees and costs, and such other and further relief as the Court deems just and proper.

## COUNT III
### (Violation of the D.C. Minimum Wage Revision Act)

42. Plaintiffs adopt herein by reference paragraphs 1 through 29 above as if fully set forth herein.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

43. For the straight time wages that went unpaid, at a minimum the Plaintiffs are owed minimum wages ($8.25 per hour) for the hours worked under DCMWRA.

44. Defendants were required to pay Plaintiffs one and a half times their regular hourly rate for hours in excess of forty hours per week. *See* D.C. ST §32-1012

45. Throughout the Employment Period, Defendants failed to properly pay Plaintiffs' overtime required by the DCMWRA.

46. Unpaid wages are due and owing to Plaintiffs by Defendants.

47. Defendants' failure and refusal to comply with their obligations under the DCMWRA was willful and not in good faith.

WHEREFORE, Plaintiffs respectfully requests that this Honorable Court enter judgment against Defendants, jointly and severally, and in favor of Plaintiffs in an amount to be determined at trial, but not less than $7,099.96 and to grant to Plaintiffs their reasonable attorneys' fees and costs, and such other and further relief as the Court deems just and proper.

        Respectfully submitted,

        STEIN SPERLING BENNETT
        DE JONG DRISCOLL PC

By:     /s/ *Mary Craine Lombardo*
        Mary Craine Lombardo (495881)
        25 West Middle Lane
        Rockville, Maryland 20850
        (301) 340-2020
        (301) 354-8126 – fax
        mlombardo@steinsperling.com

*Attorneys for Plaintiff*

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020